# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **THE CINCINNATI INSURANCE CO.,** | ) |
| **Plaintiff,** | ) |
| v. | ) CIVIL ACTION 99-0552-WS-C |
| **MATTHEW LEACH COCHRAN, et al.,** | ) |
| **Defendants.** | ) |

## ORDER

This matter is before the Court on three motions in limine filed by the plaintiff concerning certain videotapes identified by the defendants as trial exhibits. (Doc. 332-34). The defendants have filed a response, (Doc. 340), and the motions are ripe for resolution.

Two of the videos contain audio and address arc-faulting. The third video contains no audio and depicts several fires. The plaintiff argues that all three should be excluded as irrelevant, unduly prejudicial and confusing, and as hearsay. The defendants insist that the videos are relevant, but they do not address the plaintiff's other arguments.

As Judge Butler has already ruled in excluding other videotapes offered by the defendants, a statement offered to prove the truth of the matter asserted is hearsay regardless of whether the statement is found in a videotape. (Doc. 295).[1] As the defendants admit they wish to use the arc-faulting videotapes to prove the truth of the matters asserted therein (including the reality of arc-faulting and its effect on circuit breakers) yet suggest no exception to the hearsay rule, these videotapes must be

---

[1] The defendants' suggestion that *Sprynczynatyk v. General Motors Corp*., 771 F.2d 1112 (8th Cir. 1985), is somehow limited to videotapes of hypnosis sessions, (Doc. 340, ¶ 2), is patently incorrect. The Eighth Circuit broadly stated that, "[i]n general a videotape to prove the truth of the matter asserted constitutes inadmissible hearsay." *Id*. at 1119. That is, "a videotape is inadmissible as evidence unless it comes within an exception to the hearsay rule, [citations omitted], or unless it is offered for some other permissible purpose which would remove it from the definition of hearsay." *Id*. Nor does *Sprycznatyk* constitute some strange and idiosyncratic rule, but merely a straightforward, unquestionably correct application of Federal Rules of Evidence 801-807.

excluded on this basis.[2]

The remaining video contains no audio and so, contrary to the plaintiff's suggestion, (Doc. 332, ¶ 2), cannot be excluded on the basis of hearsay.[3] The defendants state that they wish to show only that portion of the videotape that depicts a foam chair burning and the foam dripping onto the floor. This they say is relevant because it is their position that what the plaintiff calls a pour pattern was found in the location of a foam chair and that the pattern is consistent with the burn pattern that would be left by a burning foam chair. (Doc. 340, ¶ 4). The difficulty is that the video does not show the post-fire burn pattern left by the chair and so cannot support the defendants' theory in any event. Thus, the video has no "tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401.[4]

For the reasons set forth above, the plaintiff's three motions in limine to exclude these videotapes from evidence are **granted**.

DONE and ORDERED this 27th day of October, 2005.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE

---

[2] Were the videotapes not subject to exclusion as hearsay, the Court would find that any relevance they possess is substantially outweighed by the danger of unfair prejudice to the plaintiff and thus excludable under Federal Rule of Evidence 403.

[3] *See* Fed. R. Evid. 801(c)("'Hearsay' is a statement ...."); *id*. 801(a)("A 'statement' is (1) an oral or written assertion or (2) nonverbal conduct of a person, if it is intended by the person as an assertion."). A silent movie of burning rooms does not constitute a "statement" as so defined.

[4] Nor is the video admissible to show simply that burning foam chairs drip, both because the defendants have not asserted that the plaintiff disputes this proposition and because the video does not clearly show such dripping in any event.