IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| THE CINCINNATI INSURANCE CO., | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) CIVIL ACTION 99-0552-WS-C |
| | ) |
| MATTHEW LEACH COCHRAN, et al., | ) |
| | ) |
| **Defendants.** | ) |

**ORDER**

This matter is before the Court on the defendants' motion to re-tax costs. (Doc. 368). The plaintiff has filed a response, (Doc. 370), and the motion is ripe for resolution. After carefully considering the foregoing materials, the Court concludes that the motion is due to be granted in part and denied in part.

The plaintiff filed a bill of costs totaling $41,250.22. (Doc. 357). The Clerk taxed costs in the amount of $19,587.68. (Doc. 365). The defendants challenge only those costs representing "[f]ees of the witnesses," which accounts for $18,270.08 of the amount taxed.[1]

"Fees and disbursements for ... witnesses" are properly taxable. 28 U.S.C. § 1920(3). However, the amounts recoverable are strictly limited and fall within three categories: (1) a daily attendance fee; (2) subsistence when an overnight stay is required; and (3) mileage. Standing Order 13. Most of the fees for witnesses sought by the plaintiff represent the professional fees charged by four of the plaintiff's expert witnesses. However, "when a prevailing party seeks reimbursement for fees paid to its own expert witnesses, a federal court is bound by the limit of [28 U.S.C.] § 1821(b), absent contract or explicit statutory authority to the contrary." *Crawford Fitting Co. v. J.T. Gibbions, Inc.*, 482 U.S. 437, 439 (1987).

The daily attendance fee is established by statute at $40 and includes travel time to and from the place of attendance. 28 U.S.C. § 1821(b); *accord Morrison v. Reichold Chemicals, Inc.*, 97 F.3d 460, 463 (11th Cir. 1997). The mileage rate for witnesses as of November 2005 was

---

[1] The costs taxed by the Clerk as to which the defendants do not object are: $150 filing fee; and $1,167.60 in process server fees.

$0.485 per mile.  28 U.S.C. § 1821(c)(2); 70 Fed. Reg. 54,481 (Sept. 15, 2005).  Mileage is capped at 100 miles each way.  Standing Order 13.  The subsistence rate for Mobile County as of November 2005 was $91 per diem.  28 U.S.C. § 1821(d)(2); 68 Fed. Reg. 22,314 (Apr. 28, 2003)(per diem rates are posted on General Services Administration web site).  These figures allow accurate calculation of the maximum amount to which the plaintiff can be entitled with respect to the five witnesses as to whom the defendants object.

Leonard Burroughs: The plaintiff seeks an award of $428.  Burroughs, however, was represented to be a local resident, so that no subsistence and only minimal mileage should have been incurred.  Moreover, the plaintiff has failed to provide any documentation — as it did with each other witness — to show either the expense of the witness or the fact of payment.  Accordingly, no amount will be awarded with respect to Mr. Burroughs.

Laurel Waters: The plaintiff seeks an award of $4,149.06, most of which represents the value of Ms. Waters' time.  Because she traveled over 200 miles and stayed overnight, the plaintiff may be awarded $80 in attendance fee, $97 in mileage, and $91 in subsistence, for a total of $268.

Mary Rhodes Holt: The plaintiff seeks an award of $3,600, most of which represents the value of Ms. Holt's time.  Because she traveled over 200 miles but did not stay overnight, the plaintiff may be awarded $40 in attendance fee and $97 in mileage, for a total of $137.

Owen Posey: The plaintiff seeks an award of $4,571, most of which represents the value of Mr. Posey's time.  Because he traveled over 200 miles and stayed over two nights, the plaintiff may be awarded $120 in attendance fee, $97 in mileage, and $182 in subsistence, for a total of $399.

Harold Deese: The plaintiff seeks an award of $5,230.58, most of which represents the value of Mr. Deese's time.  Because he traveled over 200 miles and stayed overnight,[2] the plaintiff may be awarded $80 in attendance fee, $97 in mileage, and $91 in subsistence, for a total of $268.

In sum, awardable fees of the five witnesses challenged by the defendants total $1,072.

---

[2] Mr. Posey stayed over two nights, but only the second was necessary for his court testimony.

Combined with the $291.44 in witness fees for the six witnesses not challenged by the defendants, the plaintiff may be awarded $1,363.44 in witness fees.  With the additional costs taxed by the Clerk and not questioned by the defendants, the plaintiff's total awardable costs are $2,681.04.

The defendants plead that they "are financially unable to pay any costs."  (Doc. 368, ¶ 6).  "[A] non-prevailing party's financial status is a factor that a district court may, but need not, consider in its award of costs pursuant to Rule 54(d)."  *Chapman v. AI Transport*, 229 F.3d 1012, 1039 (11th Cir. 2000).  The circumstances are "rare" under which financial status is considered, and "a court may not decline to award any costs at all."  *Id*.  Given the modest amount of costs awarded, and given that the plaintiff's cost bill has now been reduced by over 90%, the Court concludes that no additional reduction is appropriate to reflect the defendants' financial condition.

Defendant Cochran argues that no costs should be taxed against him because the Court earlier ruled (based on clear Alabama law and Cochran's judicial admissions that he was not a party to the insurance contracts) that he could not pursue claims against the plaintiff for breach of contract and bad faith.  (Doc. 368, ¶ 7).  Contrary to Cochran's implicit premise, bringing a meritless claim does not immunize one from an award of costs.  At any rate, the plaintiff was also a prevailing party as to Cochran's fraud claims, (Doc. 116), which of itself fully supports an award of costs against him.

For the reasons set forth above, the defendants' motion to re-tax is **granted in part and denied in part**.  Costs are awarded the plaintiff against all defendants in the amount of $2,681.04.[3]

DONE and ORDERED this 6th of February, 2006.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE

---

[3]This order supersedes the Clerk's taxation of costs.