IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| THE CINCINNATI INSURANCE CO., | ) |
| | ) |
|     **Plaintiff,** | ) |
| | ) |
| v. | )   CIVIL ACTION 99-0552-WS-C |
| | ) |
| MATTHEW LEACH COCHRAN, et al., | ) |
| | ) |
|     **Defendants.** | ) |

**ORDER**

This matter is before the Court on the defendants' motion to clarify, correct and/or reconsider. (Doc. 372). The motion is directed towards the Court's order, (Doc. 366), denying the defendants' motion for new trial. (Doc. 358). After carefully considering the same, the Court concludes that the pending motion is due to be granted in part and denied in part.

The defendants first argue that their motion for new trial was not untimely because November 25, 2005 was a state holiday for purposes of Federal Rule of Civil Procedure 6(a). The defendants have attached a letter from Governor Riley to all state departments and agencies declaring that "all state offices will be closed on Thursday and Friday, November 24-25[, 2005] in observance of Thanksgiving." The Court concludes that this letter satisfactorily establishes that the day after Thanksgiving was a legal holiday for purposes of Rule 6(a), rendering the motion for new trial timely.[1]

On the merits, the defendants offer the affidavit of their counsel. It is far too late, however, for such maneuvering. A motion to reconsider may not be used as a vehicle to inject new arguments into the underlying motion or to submit evidence previously available but not

---

[1] It is unclear why the defendants did not include, or even reference, Governor Riley's letter in their motion for new trial since — as noted in the Court's previous order — the timeliness of such a motion is jurisdictional, the burden to prove timeliness rests squarely upon the defendants, and available legal sources do not reflect such a holiday. The defendant's assertion that "[i]t was common knowledge" that November 25, 2005 was a state holiday, (Doc. 372, ¶ 11), does not seem to answer the question, given that defense counsel called this chambers prior to filing the motion for new trial and inquired whether the day after Thanksgiving was excludable under Rule 6(a). Counsel was informed that the Court does not provide legal advice.

properly presented on the underlying motion.[2]  Instead, "[a] motion to reconsider is only available when a party presents the court with evidence of an intervening change in controlling law, the availability of new evidence, or the need to correct clear error or manifest injustice."[3]

Nor would counsel's affidavit be of any assistance even if it could be considered at this late juncture.  With respect to Emmanuel Cook, counsel states only that he was not told before trial that Cook would not be called by the plaintiff, that Cook was in fact available to be called, or that the plaintiff would introduce evidence concerning Cook, his actions and opinions through other witnesses.  These objections were addressed and discredited in the Court's previous order, (Doc. 366 at 3-4), which need not be repeated herein.

The affidavit chiefly addresses the two post-denial letters from plaintiff's counsel that were in the claim file exhibit that reached the jury.  The "understanding" expressed in the affidavit is the same articulated in the motion for new trial, and it remains incorrect and ineffective for the reasons set forth in the Court's order denying that motion.  (Doc. 366 at 6-7).

For the reasons set forth above, the defendants' motion to clarify, correct and/or reconsider is **granted** to the extent that the defendants' motion for new trial is found to be timely filed.  In all other respects, the motion is **denied**.

DONE and ORDERED this 8th day of February, 2006.

s/ WILLIAM H. STEELE<br>UNITED STATES DISTRICT JUDGE

---

[2] *E.g., Mays v. United States Postal Service*, 122 F.3d 43, 46 (11th Cir. 1997).

[3] *Summit Medical Center, Inc. v. Riley*, 284 F. Supp. 2d 1350, 1355 (M.D. Ala. 2003).